85027

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FILIP MAJCHRZAK, a minor, by and through his father and next best friend, MICHAEL MAJCHRZAK, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| THE GAP, INC., d/b/a GAP FACTORY, and SIMON PROPERTY GROUP, INC., | ) ) ) ) | (Cook County No. 17 L 008090) |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

NOW COMES Defendants, THE GAP, INC., d/b/a GAP FACTORY, and SIMON PROPERTY GROUP, INC., by and through their counsel, DANIELLE N. MALATY and KOPKA PINKUS DOLIN, PC, and pursuant to 28 USC §§1441-1446, and hereby serve notice of the removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division. In support of the notice, Defendant states as follows:

1. This case arises out of a lawsuit filed in the Circuit Court of Cook County on or about August 9, 2017. See Exhibit "A", Plaintiff's Complaint at Law. These Defendants seeks removal based up Diversity of Citizenship and Diversity of Jurisdiction.

2. In the complaint, Plaintiff alleges personal injuries as a result of a fall which occurred on August 9, 2014 at the Defendants' Gurnee Mills shopping center and GAP clothing store at 6170 W. Grand Ave., Gurnee, County of Cook, State of Illinois. Plaintiff alleges that he suffered "severe and permanent injuries".

3. Under the Family Expense Act, 750 ILCS 65/15, Plaintiff alleges that he has incurred past medical expenses and will incur future medical expenses in the form of substantial medical, hospital, and therapy bills. Additionally, the minor Plaintiff alleges that he "has experienced and will in the future experience untold suffering, and has been deprived of the ability and capacity to attend most social and personal activities."

4. All that is required for removal based upon Diversity Jurisdiction is a "reasonable probability" that more than $75,000 is in controversy. See *Rising-Moore v. Red Roof Inns., Inc.* 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy excessed the jurisdictional requirement. See *McCoy v. General Motors Corp.*, 226 F. Supp.2nd, 939, 941-42 (N.D.ILL. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

5. Here, Plaintiff has complied with Illinois pleading requirements, which only allow a plaintiff to assert that his/her damages are greater or less than a certain amount. In this case, Plaintiff is seeking damages "in excess of $30,000" based upon claims of past and future pain and suffering, injury, and future damages. See Exhibit "A", Count II, Paragraph 13.

6. In addition to medical expenses, Illinois Courts allow a plaintiff to recover for each injury alleged in a complaint. See *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 706 N.E.2d 441, 455, 235 Ill. Dec. 886 (Ill. 1998) (lost wages); *Smith v. City of Evanston*, 260 Ill. App. 3d 925, 631 N.E.2d 1269, 1279, 197 Ill. Dec. 810 (Ill. App. Ct. 1994) (disability or loss of normal life); *Holston v. Sisters of Third Order of St. Francis*, 165 Ill. 2d 150, 650 N.E.2d 985, 997, 209 Ill. Dec. 12 (Ill. 1995) (disfigurement); *Scheibel v. Groeteka*, 183 Ill. App. 3d 120, 538 N.E.2d 1236, 1248, 131 Ill. Dec. 680 (Ill. App. 1989) (pain and suffering). Here, the minor Plaintiff alleges injuries to his face, including permanent scarring and other permanent injuries, which he further alleges will give rise to future treatment, indefinitely.

7. The Illinois Courts have found that federal court was the proper venue in a case that involved allegations that "plaintiff presently suffer[ed] from…injuries in Illinois, where he [sought] treatment and [would] continue to become obligated for large sums of money for medical and hospital care and attention." *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002). Here, plaintiff is alleging the same. Plaintiff was 5 years old on the date of injury and alleges that he will continue to need care for the injuries he allegedly sustained on the date of the alleged incident.

8. When the plaintiff provides little information about the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). The Court further acknowledges that whether a plaintiff *actually* recovers more than $75,000 is immaterial; "what matters is the amount put in controversy on the day of removal." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). In such a case, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

9. In a diversity action, the court will not dismiss a case because of a jurisdictional amount deficiency "unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Based upon the allegations in Plaintiff's Complaint, there is a reasonable probability that the amount in controversy in this case excess $75,000, exclusive of interest and costs.

10. Upon information and belief, and based on Plaintiff's Complaint, plaintiff Filip Majchrzak, has been a resident and citizen of the state of Illinois at all relevant times.

11. At all times herein mention, Defendant, THE GAP, INC., d/b/a GAP FACTORY, has been a resident and citizen of the state of California, the state wherein THE GAP, INC., d/b/a GAP FACTORY, is incorporated and maintains its principal place of business. See Exhibit "B", affidavit of Robin Crawford.

12. At all times herein mention, Defendant, SIMON PROPERTY GROUP, INC., has been a resident and citizen of the state of Indiana, the state wherein SIMON PROPERTY GROUP, INC., is incorporated and maintains its principal place of business. See Exhibit "C", affidavit of Kristina Young.

13. Accordingly, for purposes of determining whether Diversity Jurisdiction exists under 28 USC §§1332CI, at all relevant times, Plaintiff was a resident and citizen of the state of Illinois and the Defendant has not been a resident or citizen of the state of Illinois.

14. For the foregoing reasons, this is an action wherein the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction, pursuant to 28 USC §§1332, because the matter in controversy exceeds the value of $75,000, exclusive of costs and interest, and the plaintiff and defendants are residents and citizens of different states.
15. Accordingly, Diversity Jurisdiction exists and this lawsuit was properly removed to this Court pursuant to 28 USC §§1441-1446.
16. This Notice of Removal was timely filed by the Defendants within the timeframe allotted by this Court pursuant to 28 USC §§1446B.
17. Plaintiff's counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants, THE GAP, INC., d/b/a GAP FACTORY and SIMON PROPERTY GROUP, INC., pursuant to 28 USC §§1441, remove this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,

By: _____

Danielle N. Malaty

One of Defendants' Attorneys

KOPKA PINKUS DOLIN, PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965
dnmalaty@kopkalaw.com
ARDC No. 6315548

4