IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FILIP MAJCHRZAK, a minor, by and through his father and next best friend, MICHAEL MAJCHRZAK, <br><br> Plaintiffs, <br><br> v. <br><br> THE GAP, INC., d/b/a GAP FACTORY, and SIMON PROPERTY GROUP, INC., <br><br> Defendants. | No. 17-cv-06604 <br><br> Hon. Amy J. St. Eve |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Filip Majchrzak ("Minor"), a minor, by and through his father and next best friend, Plaintiff Michael Majchrzak (collectively with Minor, "Plaintiffs"), sued Defendant The Gap, Inc. ("The Gap"), doing business as Gap Factory, and Defendant Simon Property Group, Inc., ("Simon," and collectively with The Gap, "Defendants") on August 9, 2017, in the Circuit Court of Cook County, Illinois, over an accident that occurred at a clothing store in the Gurnee Mills shopping center. (R. 1-1, "Compl.") Defendants removed the case to federal court on September 13, 2017 (R. 1, "Notice of Removal"), and counterclaimed against Plaintiffs and filed a third-party complaint against Minor's mother, Paulina Majchrzak (collectively with Plaintiffs, the "Majchrzaks") (R. 5). Before the Court is Plaintiffs' motion to remand. (R. 26, "Pls.' Mot. to Remand.") For the following reasons, the Court denies Plaintiffs' motion.

## BACKGROUND

The Gap and Simon are foreign corporations doing business in Cook County and the State of Illinois. (Compl. at ¶ 2, 4.) *See* 28 U.S.C. § 1332(c)(1) (For purposes of diversity

jurisdiction, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business."); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The Gap is a resident and citizen of the State of California, where it is incorporated and where it maintains its principal place of business. (Notice of Removal at ¶ 11.) Simon is a resident and citizen of the State of Indiana, where it is incorporated and where it maintains its principal place of business. (*Id*. at ¶ 12.) At the relevant time, The Gap owned and operated a Gap Factory retail clothing store in the Gurnee Mills shopping center, which Simon owned and operated. (Compl. at ¶ 3-5.)

Plaintiff Michael Majchrzak represents his minor son Filip Majchrzak. At the relevant time, Minor was a resident and citizen of Illinois. (Compl. at ¶ 1.) On or about August 9, 2014, when Minor was 5 years old, he and his parents were at the Gap Factory clothing store in the Gurnee Mills shopping center when Minor "tripped and fell over the leg of a clothing rack and struck the edge and/or corner of a wall with his head and sustained severe injury." (*Id*. at ¶ 5-7, 11.)

Plaintiffs allege that both The Gap and Simon owed a duty of care to the Majchrzaks and were negligent in fulfilling that duty. (*Id*. at ¶ 10, 12, 17-18.) As a direct and proximate result, Minor "suffered severe and permanent injuries; has incurred and will incur substantial medical, hospital and therapy bills; has experienced and will in the future experience untold suffering[;] and has been deprived of the ability and capacity to attend most social and personal activities." (*Id*. at ¶ 13, 19.) As such, Plaintiffs bring claims of negligence against The Gap (Count I) and Simon (Count III). Plaintiffs also bring claims under "the Family Expense Act," 750 Ill. Stat. 65/15 (Act 65, Rights or Married Persons Act; Section 15, Expenses of Family), against The Gap (Count II) and Simon (Count IV) to recover medical expenses.

Plaintiffs filed suit on August 9, 2017, in the Circuit Court of Cook County, Illinois. (Compl.; Pls.' Mot. to Remand at ¶ 2.) Defendants filed their Notice of Removal on September 13, 2017, based on diversity jurisdiction. (Notice of Removal at ¶ 1.) Now before the Court is Plaintiffs' motion to remand. Plaintiffs urge this Court to remand the case to the Circuit Court of Cook County for lack of subject matter jurisdiction because Defendants did not prove the required amount in controversy for diversity jurisdiction purposes.

## LEGAL STANDARD

"Defendants may remove civil suits filed in state court to federal court pursuant to 28 U.S.C. § 1441 and related statutes." *Alegre v. Aguayo*, 2007 WL 141891, *2 (N.D. Ill. Jan. 17, 2007). Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 968 (7th Cir. 2013). In other words, a "case filed in state court may be removed to federal court only when the case originally could have been filed in federal court." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013), *as amended* (Apr. 29, 2013). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Ne. Rural Elec. Membership Corp.*, 707 F.3d at 893 (Courts must "resolve genuine doubts about removal in favor of state court jurisdiction."); *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (explaining that a party seeking removal

bears the burden of proving the propriety of removal and doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court).

## ANALYSIS

As a preliminary matter, Defendant's argument that Plaintiffs' motion is untimely is misplaced. Unlike motions to remand "on the basis of any defect other than subject matter jurisdiction," which must be brought within 30 days after the filing of the notice of removal, the federal removal statutes do not limit remand based on subject matter jurisdiction to any time frame. *See* 28 U.S.C. § 1447(c) ("If at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."(emphasis added)) Moreover, subject matter jurisdiction cannot be waived. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, "[i]t is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action." *Cook v. Winfrey,* 141 F.3d 322, 325 (7th Cir. 1998); *Isakson v. Kohl's Dep't Stores, Inc.*, 2010 WL 4884211, *1 (N.D. Ill. Nov. 23, 2010). The Court does note, however, that a case cannot be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(c).

Turning to the merits of the motion to remand, removal is proper over any action that could have been originally filed in federal court. *See* 28 U.S.C. § 1441; *Ne. Rural Elec. Membership Corp.*, 707 F.3d at 890. Here, Defendants removed the case from the Circuit Court of Cook County on diversity grounds. (Notice of Removal.) *See* 28 U.S.C. § 1332. As the party seeking to invoke federal diversity jurisdiction, Defendants bear the burden of proof of demonstrating that complete diversity exists and that the amount in controversy requirement

(more than $75,000 excluding interest and costs) is met. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824–25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."). Neither Plaintiffs nor Defendants dispute that the parties are completely diverse for diversity jurisdiction purposes. As such, the only question for the Court is whether the amount in controversy exceeded $75,000 at the time of removal.

I.      **Defendants have proven the amount in controversy by a preponderance of the evidence**

Defendants have the initial burden of proving the amount in controversy by a preponderance of the evidence. *See Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011) ("As the party removing the case to federal court, [the defendant] Stryker had the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied."); *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (If the party opposing federal jurisdiction contests the amount in controversy, the proponent must "prove those jurisdictional facts by a preponderance of the evidence."); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("Because [the removing defendant] is the proponent of jurisdiction, it has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met."). "Only jurisdictional *facts*, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (emphasis in original) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). In other words, "[w]hat the proponent of jurisdiction must 'prove' is contested factual assertions…. Jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.' " *Meridian Sec. Ins. Co.*, 441 F.3d at 540–41.

5

The party seeking removal only needs to establish "how much is in controversy between the parties," not what damages the plaintiff will recover. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (holding that the district court required more than it should have from the defendant in establishing jurisdiction). This burden "is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Defendants, however, "must do more than 'point to the theoretical availability of certain categories of damages.'" *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quoting *American Bankers Life Assur. of Fla. v. Evan,* 319 F.3d 907, 909 (7th Cir. 2003)).

"The starting point in determining the amount in controversy is typically the face of the complaint, where the plaintiff indicates the claim's value in [his] request for relief." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Under Illinois law, however, parties cannot state the exact amount at issue in their complaint or counterclaim. *See* 735 Ill. Comp. Stat. 5/2-604. In such a case, it is difficult for a defendant to prove jurisdictional facts when the plaintiff, who controls the allegations of the complaint, provides little information about the value of his claims. *Blomberg*, 639 F.3d at 763. When the complaint does not specify the amount of damages sought, district courts "may look outside the pleadings to other evidence of jurisdictional amount in the record." *Chase*, 110 F.3d at 428 (citations omitted). The Seventh Circuit has suggested contentions interrogatories, admissions in state court, calculations, the plaintiff's informal estimates, settlement demands, and affidavits as ways to shore up the amount in controversy. *Meridian Sec. Ins. Co.*, 441 F.3d at 541–42 (collecting citations). Courts are limited, however "to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed." *Chase*, 110 F.3d at 428 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

Here, Defendants have met their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. As Defendants point out, Plaintiffs own allegations that Minor "suffered severe and permanent injuries; has incurred and will incur substantial medical, hospital and therapy bills; has experienced and will in the future experience untold suffering[;] and has been deprived of the ability and capacity to attend most social and personal activities," make it more likely than not that the amount in controversy exceeds the required minimum for diversity jurisdiction. (Compl. at ¶ 13, 19.) It is not unreasonable for future medical expenses alone—for a trip and fall ending in a child's head striking the edge or corner of a wall, and causing "severe and permanent" injury—to exceed $75,000. Moreover, Plaintiffs allege that Minor has past and future "untold suffering," and has been deprived of "the ability and capacity to attend to most social and personal activities. (*Id.*) "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). The Complaint does not limit damages to lacerations of the face the way that Plaintiffs later characterize their damages in their Motion to Remand. The Complaint only alleges that Minor "tripped and fell over the leg of a clothing rack and struck the edge and/or corner of a wall with his head and sustained severe injury." (Compl. at ¶ 11.) As alleged, his injuries may include disfigurement, concussion, as well as serious head injuries with their potential complications. Minor could have sustained a "litany of injuries" and seek damages in excess of $75,000. *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011).

Defendants' burden is not that high. "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Oshana,* 472 F.3d at 511. While Defendants do not

lay out an estimate of the damages at issue, the Court can apply reason and common sense to the Complaint to determine the amount in controversy. *McCoy by Webb*, 226 F. Supp. 2d at 941. It is plausible that a jury in 2018 might award Minor over $75,000 in damages for his injuries as alleged in his Complaint. Had Plaintiffs "wanted to remain in state court, they could have stipulated that they would collect no more than $75,000 in damages each. They did not." *Webb v. Frawley*, 858 F.3d 459, 462 (7th Cir. 2017). As such, Defendants have satisfied their burden and shown the amount in controversy by a preponderance of the evidence simply by quoting the unspecified serious injuries and broad damages of the Complaint.

II. **Plaintiffs have failed to establish that their claim is legally certain to fall below the threshold**

"When a defendant removes to federal court…its plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a 'legal certainty' that the plaintiffs' claim is for less than the requisite amount." *Webb v. Fin. Indus. Regulatory Auth., Inc.*, --- F.3d ---, 2018 WL 2111883, *4 (7th Cir. May 8, 2018) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89, 58 S.Ct. 586; *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017)). *See also Carroll.*, 658 F.3d at 680 ("Once [defendant] has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000.") (citation omitted); *Back Doctors Ltd.*, 637 F.3d at 830 ("[U]unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.") (citation omitted); *Meridian Sec. Ins. Co.*, 441 F.3d at 541 ("Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy…once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold.") (collecting Seventh Circuit cases). In other words, once Defendants satisfy their

initial burden that the amount in controversy exceeds the threshold by a preponderance of the evidence, Plaintiffs can counter that Minor's claims are below the jurisdictional amount as a legal certainty.

Here, Plaintiffs have failed to do so. "Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a legal certainty the claim is really for less than the jurisdictional amount." *Meridian Sec. Ins. Co.*, 441 F.3d at 541 (quotations and citations omitted). Plaintiffs do nothing to specify their injuries in the Complaint, nor limit their damages to disfigurement alone. *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012) (affirming district court's finding that the plaintiff had not shown that it was "legally certain" that the amount in controversy would not exceed $75,000 when the plaintiff merely disavowed his complaint and offered to return any damages that might be awarded in excess of $75,000); *Back Doctors Ltd.*, 637 F.3d at 831 ("When a plaintiff does not tie its own hands, the defendant is entitled to present a good-faith estimate of the stakes. If that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible.").

Plaintiffs cannot rely on any post-removal assertions or evidence that their claim is worth less than $75,000. *See St. Paul Mercury*, 303 U.S. at 292 ("[T]hough, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction"); *Carroll*, 658 F.3d at 680-81 ("The amount in controversy is evaluated as of the time of removal…although events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed."); *Back Doctors Ltd.*, 637 F.3d at 830 ("[E]vents after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following

9

removal does not permit remand."); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) ("Events subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered in deciding what that original amount in controversy was.") (citing cases from other Circuit Courts).

Moreover, Plaintiffs now attempt to cabin the damages sought by offering "to cap his [Minor's] prayer for relief to an amount less than $75,000.00." (Pls.' Mot. to Remand at ¶ 10.) As the Supreme Court said in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 292 (1938), the district court is not deprived of jurisdiction where, as here, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." *See Hunt*, 680 F.3d at 777–78 (affirming federal jurisdiction without weighing the plaintiff's post-removal damages disclaimer); *Back Doctors Ltd.,* 637 F.3d at 830 (post-removal disclaimer limiting damages did not permit remand); *Chase,* 110 F.3d at 429 (affirming remand of a case because a party filed a stipulation a month after removal, which as "too late for the court to consider"); *In re Shell Oil Co.,* 970 F.2d at 356 (granting writ of mandamus to rescind remand order that had been issued based on post-removal stipulation to limit damages).

Plaintiffs have not proven to a legal certainty that the amount cannot exceed the jurisdictional bar. In fact, it seems that they "did not attempt to demonstrate that it was legally impossible for them to recover that amount." *Blomberg*, 639 F.3d at 764. Accordingly, the Court denies Plaintiffs' motion to remand.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion to remand.


**DATED:** May 15, 2018                      **ENTERED:**

                                                     **AMY J. ST. EVE**
                                                     U.S. District Court Judge